PER CURIAM.
The appellees, GAC Properties, Inc., and its affiliates and subsidiaries, comprise an affiliated group of corporations for intangible tax purposes within the definition of § 199.023(7), Fla.Stat. They are primarily engaged in the sale of land to individual purchasers on an installment contract which, in effect, is an agreement for deed.
In filing their intangible tax returns for the years 1972 and 1973, the appellees failed to report any of their agreements for deed nor did they pay intangible personal property tax thereon. The appellant, because of the appellees’ failure to pay intangible personal property taxes on said agreements for deed, issued a notice of assessment thereon, assessing taxes for the years 1972 and 1973 in the total amount of $367,561.37. The appellees filed objections *168 to the assessment, which the appellant denied on the basis that pursuant to § 199.-023(1), Fla.Stat.,[1] Attorney General Opinions 072-279 and 062-148, and Section 12 B-2.10(2)(d), Florida Administrative Code,[2] said agreements constituted intangible personal property for intangible personal property tax purposes.
Thereupon, the appellees brought the instant suit seeking to have the notice of assessment against the agreements for deed to be held unlawful and invalid in their entirety, to have Section 12 B-2.10(2)(d) of the Florida Administrative Code held to be invalid and void ab initio, and to enjoin the appellant from collecting the taxes. Issue was joined and, pursuant to the ap-pellees’ motion, the trial court entered the final summary judgment appealed herein holding the agreements for deed and the unpaid balance thereon did not constitute intangible personal property for tax purposes, and that Section 12 B-2.10(2)(d) of the Florida Administrative Code is inconsistent with and incompatible with § 199.-023(1), Fla.Stat., and is therefore not within the appellant’s rule-making powers rendering said section invalid and void ab initio.
The question before this court is whether an agreement for deed, wherein the purchaser does not enter into possession until full performance by him and is not personally liable for deficiency on default, constitutes intangible personal property in the hands of the seller, as defined by § 199.023(1), Fla.Stat., so as to render the seller liable for intangible personal property tax thereon.
The appellees contend the agreements have no value for the purpose of intangible personal property taxes because there is no personal obligation on the part of the purchaser to pay the amounts stated therein. This is not completely correct. While the agreements for deed do not permit recovery for deficiency in the event of default thereon, the agreements do impose certain legal and economic obligations on the part of the purchaser. The agreement clearly imposes upon the buyer the legal obligation to reimburse the appellees for property taxes paid on said property after the agreement has been in effect for more than three years. Said provision constitutes something of value enforceable by the appellees.
Furthermore, and probably of greater importance, is the economic obligation placed upon the buyer by this agreement. The buyer has an investment in the agreement which can be lost in its entirety under the terms of the agreement in the event of default. The potential loss of this investment constitutes an inducement upon the buyer to live up to the terms of the agreement which may, in fact, be greater than any legal liability which may be imposed for an alleged deficiency which may or may not, in fact, occur in the event of default. Therefore, the appellees cannot be permitted to escape intangible taxes on these agreements merely by the expediency of relinquishing a right which may never, in fact materialize.
As a result of the foregoing and on the authority of White v. Gapway Grove Corp., Fla.1951, 55 So.2d 573, we hereby hold that an agreement for deed of the type contained herein constitutes intangible personal property within the meaning of Ch. 199, Fla.Stat., and is taxable thereunder.
*169 Therefore, we reverse the trial court and hold the agreements for deed in the case sub judice should be returned for purposes of intangible personal property taxes.
Inasmuch as we find the agreements herein constitute intangible personal property for tax purposes, we also reverse the holding of the trial court as it relates to the rule-making powers of the appellant in enacting Section 12 B-2.10(2) (d), Florida Administrative Code, and hold said rule to be valid and enforceable.
Notwithstanding the aforementioned error, the trial court, under the authority of State v. Dickinson, Fla.1975, 322 So.2d 525 (opinion filed July 9, 1975) [3], correctly enjoined the appellant from attempting to assess an annual tax on the intangible personal property herein pursuant to the provisions of § 199.032(1), Fla.Stat. State v. Dickinson, supra, clearly holds that agreements for deed such as are involved in this case are subject to a non-recurring tax pursuant to § 199.032(2), Fla. Stat., and that no tax was due until the agreements for deed were recorded or sought to be enforced. See § 199.042(2), Fla.Stat. Therefore, while the agreements for deed in the case sub judice constitute intangible personal property within the rheaning of § 199.023(1), Fla.Stat., under the facts herein and the holding of State v. Dickinson, supra, the appellees have incurred no liability for intangible personal property taxes thereon at the present time.
Based on the foregoing, the trial court is reversed as to its holdings on the questions of whether or not the agreements for deed constitute intangible personal property and the validity of Section 12 B-2.10(2) (d), Florida Administrative Code; but is affirmed as to that portion of the final judgment enjoining the appellant from taxing the agreements for deed pursuant to § 199.032(1), Fla.Stat.
Reversed in part, affirmed in part.

. * * * * *
“ ‘Intangible personal property’ means all personal property which is not in itself intrinsically valuable, but which derives its chief value from that which it represents * * * >>
* * * * *

. Section 12 B-2.10(2) (d), Florida Administrative Code.
“Agreements for deed where the purchaser is not personally liable on default and does not enter into possession until full performance have a value to the seller whose interest therein falls within the general statutory definition of intangible personal property which is subject to taxation.”

. It is to be pointed out that neither the trial court nor any of the parties herein had knowledge of State v. Dickinson, supra, which was decided subsequent to the trial court’s ruling in this case.